IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| THN, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. BANK TRUST, N.A., AS TRUSTEE FOR ABS REO TRUST V, <br><br> Defendant. | Case No. 2:19-cv-00141 |

### BRIEF IN SUPPORT OF U.S. BANK'S MOTION TO DISMISS

COMES NOW, U.S. Bank Trust, N.A., as Trustee for ABS REO Trust V ("U.S. Bank"), a Defendant in the above-styled civil action, and pursuant to Fed. R. Civ. P. 12(b)(6), files this Brief in Support of its Motion to Dismiss. For the reasons set forth below, U.S. Bank respectfully submits that Plaintiff's Complaint is barred on the grounds of Judicial Estoppel.

### STATEMENT OF FACTS

This action relates to the real property located at 960 Dogwood Trail, Winder, Georgia 30680 (the "Property"). Complaint [Doc. 1-1, ¶ 5]. Victoria Jordan ("Ms. Jordan") obtained title to the Property via Warranty Deed recorded July 25, 2001 in Deed Book 60, Page 577, Barrow County, Georgia records.

Complaint [Doc. 1-1, ¶ 5]. The Property is encumbered by a Security Deed signed by Victoria Jordan and William Maddox on December 22, 2006 in favor of Bank of America and recorded in Deed Book 1294, Page 565, Barrow County, Georgia records. Complaint [Doc. 1-1, ¶ 6; Doc. 1-1, p. 11,Exhibit 2 to Complaint]. On April 30, 2018, Victoria Jordan, who was represented by counsel, filed a Petition for chapter 7 Bankruptcy relief in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 18-10921 (the "Bankruptcy"). Bankruptcy Petition, Case No. 18-10921, Doc. 1[1], attached as **Exhibit "A"**.

In her Petition, Ms. Jordan identifies the Property and indicates that "Debtor owns property but is not on the mortgage." Exhibit A, p. 15. In Schedule D, Ms. Jordan identifies Bank of America as having a secured claim on the Property and lists the debt, but again specifies that she is not on the underlying loan, William Maddox is. Exhibit A, p. 22. Ms. Jordan's Petition also indicates that there are no legal claims to which she claims a right. Exhibit A, p. 19, Nos. 33-35. Specifically, Ms. Jordan states that there are no claims against third parties, whether or not a lawsuit has been filed. Exhibit A, p. 19, No. 33. Based upon the disclosures in the Bankruptcy Petition, on June 4, 2018, the Chapter 7 Trustee made his Report of No

---

[1] A court may take judicial notice of its own records or of those of inferior courts. *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 (5th Cir. 1981); *United States v. Rey*, 811 F.2d 1453, 1457 (11th Cir. 1987).

Distribution identifying that "there is no property available for distribution from the estate over and above that exempted by law." A true and correct copy of the Case No. 18-10921 Docket Sheet, attached as **Exhibit "B"**, 06/04/2018 Docket Entry. On August 7, 2018, Ms. Jordan received a discharge under section 727 of title 11 of the United States Bankruptcy Code and the estate was closed. Case No. 18-10921, Doc. 14, attached as **Exhibit "C"**.

On October 6, 2018, Ms. Jordan quitclaimed her interest in the Property to Plaintiff, THN, Inc., via quitclaim deed recorded on October 11, 2018 in Deed Book 2173, Page 79, Barrow County, Georgia records. [Doc. 1-1, ¶ 9; Doc. 1-1, p. 22, Exhibit 3 to Complaint]. The Security Deed was last assigned to U.S. Bank on March 29, 2019 via Corporate Assignment recorded April 11, 2019 in Deed Book 2213, Page 381, Barrow County, Georgia records. [Doc. 1-1, ¶ 13; Doc. 1-1, p. 25, Exhibit 5 to Complaint]. U.S. Bank sought to enforce its lien and by letter dated May 17, 2019, informed Plaintiff of a pending foreclosure on the Property. [Doc. 1-1, ¶ 14]. On June 6, 2019, Plaintiff filed the instant action in the Superior Court of Barrow County. [Doc. 1-1]. In its Complaint, Plaintiff seeks to enjoin the foreclosure of the Property and alleges that it is in a position of doubt as to the validity of Defendant's lien. [Doc. 1-1, ¶¶ 19-20, 29-30]. Plaintiff seeks a

declaration on the validity of Defendant's interest in the Property. [Doc. 1-1]. On July 8, 2019, Defendant U.S. Bank filed its Notice of Removal. [Doc. 1].

## ARGUMENT AND CITATION OF AUTHORITY

A.   **Standard of Review**

   1.   **Rule 12(b)(6)**

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Iqbal*, 556 U.S. at 679 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Further, where the facts as alleged do not permit the court to infer more than the mere possibility of misconduct, the

complaint has not shown that the pleader is entitled to relief under Rule 8(a)(2). *Iqbal*, 556 U.S. at 679.

### 2. Judicial Estoppel

Under the doctrine of judicial estoppel, "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 742–43, 121 S. Ct. 1808, 1810, 149 L. Ed. 2d 968 (2001). "The purpose of the doctrine is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.* "Stated simply, the doctrine of judicial estoppel rests on the principle that 'absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory.'" *Slater v. United States Steel Corp.,* 871 F.3d 1174, 1180–81 (11th Cir. 2017).

Courts have uniformly recognized that the purpose of judicial estoppel is to protect the integrity of the judicial process. *New Hampshire*, 532 U.S. at 749. "The doctrine of judicial estoppel protects the integrity of the judicial system, not the

litigants; therefore, numerous courts have concluded, and [the Eleventh Circuit has] agree[d], that '[w]hile privity and/or detrimental reliance are often present in judicial estoppel cases, they are not required.'" *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002), overruled on other grounds by *Slater v. United States Steel Corp.*, 871 F.3d 1174 (11th Cir. 2017); *quoting Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 360 (3d Cir. 1996); *see also, Patriot Cinemas, Inc. v. General Cinema Corp. et al.*, 834 F.2d 208, 214 (1st Cir.1987)(same); *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (6th Cir.1982)(same); *Marable v. Marion Military Inst.*, 906 F. Supp. 2d 1237, 1247 (S.D. Ala. 2012), aff'd, 595 Fed. Appx. 921 (11th Cir. 2014).

While there is no general formulation or principal, the Supreme Court has developed three factors to consider in the determination of whether or not to apply judicial estoppel: 1) is the later position clearly inconsistent with an earlier position; 2) did the party succeed in persuading the court to accept the earlier position; and 3) would the party seeking to assert the inconsistent position derive an unfair advantage or impose an unfair detriment on the opposing party. *New Hampshire*, 532 U.S. at 750–51. Under the test employed by the Eleventh Circuit, "a district court considers both the plaintiff's actions—whether he made inconsistent statements—and his motive—whether he intended to make a mockery

of the judicial system." *Slater v. United States Steel Corp.*, 871 F.3d 1174, 1181 (11th Cir. 2017)

**B.  Plaintiff is Barred by Judicial Estoppel**

As stated in the Complaint, THN received its interest in the Property via quitclaim deed from Ms. Jordan. [Doc. 1-1, ¶ 9; Doc. 1-1, p. 22, Exhibit 3 to Complaint]. Under Georgia law, where it concerns the transfer of property, "a quitclaim deed can convey from grantor to grantee only such interest as the grantor has in the real property." *In re Francois*, 525 B.R. 531, 534 (Bankr. N.D. Ga. 2015); *citing Georgia Lien Servs., Inc. v. Barrett*, 272 Ga. App. 656, 657, 613 S.E.2d 180 (2005); *see In re Randolph*, 546 B.R. 474, 478 (Bankr. N.D. Ga. 2016)(quitclaim deed conveys to grantee whatever interest the grantor has in the property).

As the Security Deed was not released at the time of transfer, THN's interest is encumbered by the lien in the same way that Ms. Jordan's interest was encumbered. Further, while privity is often present in judicial estoppel cases, it is not required." *Burnes*, 291 F.3d at 1286; *see Ryan*, 81 F.3d at 360; see also, Patriot Cinemas, 834 F.2d at 214 (same); Edwards, 690 F.2d at, 598 (same); *Marable*, 906 F. Supp. 2d at 1247, aff'd, 595 F. App'x. 921. Therefore, as her successor in

interest, THN is equally estopped from raising claims that Ms. Jordan would be estopped from raising.

### 1. Victoria Jordan obtained a benefit by claiming Secured Interest

The purpose of judicial estoppel "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 743, 121 S. Ct. 1808, 1810, 149 L. Ed. 2d 968 (2001). As stated above, Ms. Jordan actively listed the Security Deed as an owed debt encumbering the Property. Exhibit A, p. 22. Therefore, the first factor is clearly established. The representation that the Security Deed evidences a secured debt encumbering the Property is clearly inconsistent with the assertion that the validity of the Security Deed is in question due to potential forgery. The second factor is similarly met by in the bankruptcy proceeding. Based on her representations, the court discharged Ms. Jordan after determining there was "no property available for distribution." Exhibit B, 06/04/2018 Docket Entry; Exhibit C. The discharge without liquidation of the Property shows that she succeeded in persuading the court to accept her position.

It is also important to note that, in enumerating the factors for consideration, the Supreme Court explicitly notes that part of the analysis is whether or not "judicial acceptance of an inconsistent position in a later proceeding would create

'the perception that either the first or the second court was misled,'" *New Hampshire*, 532 U.S. at 750. In the present action, in order for the Court to accept Plaintiff's claim that the validity of the Security Deed is doubt, because Plaintiff now alleges that Ms. Jordan did not sign the Security Deed and believes it to be a forgery, Complaint [Doc. 1-1,p. , ¶¶ 8 & 19], the Court would *have* to *also accept* that Ms. Jordan misled the Bankruptcy court when she declared that Bank of America held a secured indebtedness against her Property and that she had no claims against any third parties. Exhibit A, p. 22; Exhibit A, p. 19, nos. 33-35.

In the bankruptcy context, the court has found that a debtor cannot use the existence of a secured debt to her benefit, and then challenge the same debt in the same proceeding. *In re Foster*, 500 B.R. 197, 203 (Bankr. N.D. Ga. 2013). The court in *Foster* found that the existence of the senior security deed "[could] not be in dispute" because the "Debtor availed herself of the existence of a senior deed to secure debt when the Court granted Debtor's motion and voided [the] junior deed to secure debt at discharge." *In re Foster*, 500 B.R. at 203. The court ruled that because the debtor would not have been entitled to void the junior lien unless the senior lien existed, the "Debtor is judicially estopped from asserting that there is no senior deed to secure debt on the property securing this claim." *Id.* It is clear that Ms. Jordan would not have received the benefit of a no distribution discharge if the

Property had been unsecured and available for liquidation. Further, had the property not been secured, it would have been sold to pay creditors and would not have been hers to convey to Plaintiff. As she availed herself of the stance that the Property was encumbered and obtained the benefit of retaining the Property, the opposite may not now be claimed by her successor in interest.

An examination of a nearly identical scenario can be found in the Georgia Court of Appeals' analysis of its substantially identical common law doctrine of judicial estoppel. In that case, the court found that because the Debtor successfully convinced the bankruptcy court that there was no unsecured property and obtained a discharge based on a report of no distribution, he was barred "by judicial estoppel from contradicting that the parties intended to encumber the entire property at issue" in a case where that was the sole issue. *Barron v. Wells Fargo Bank, N.A.*, 332 Ga. App. 180, 186, 769 S.E.2d 830, 836 (2015). In this present case, because Ms. Jordan successfully obtained the same type of discharge by convincing the court that there was no unsecured property due to Bank of America's valid secured interest, any subsequent challenge to the validity of that secured interest is barred by judicial estoppel. "When a party assumes a certain position in a legal proceeding and convinces the Court to accept that position, that party may not thereafter assume a contrary position." *New Hampshire*, 532 U.S. at 749.

### 2. Allowing THN to argue the opposite would be inequitable

The third factor for analysis is "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 751. As discussed above, the Property would not have been available to convey, had it not been for the its encumbered status during the bankruptcy. Therefore, avoidance of the lien at this stage would allow the unfair use of the secured interest to avoid sale of the Property during bankruptcy to pay creditors, while denying the same creditor the opportunity to pursue the lien that prevented liquidation. As stated in *Barron*, Plaintiff would derive an unfair advantage absent judicial estoppel because if the Property had been declared in the bankruptcy filings as unencumbered, it would have been disclosed as an asset that might have been available to creditors, such as Bank of America. *Barron*, 332 Ga. App. at 185.

### C.   Plaintiff lacks Standing to Challenge the Assignment

In *Foster*, the court found that because the secured status of the claim was beyond dispute, the Debtor's objection to the claim had to be limited to the legal argument that the claim was unenforceable under Georgia law because of a challenge to the validity of the subsequent assignments. *In re Foster*, 500 B.R. at 203-204. Plaintiff in the present action makes a similar claim. Plaintiff asserts that

even if the original Security Deed is valid, it is in a position of doubt because of the vague and potentially void nature of the assignments. Complaint [Doc. 1-1,p. , ¶ 20]. However, Georgia law on this issue has been well established since *Foster*.

In fact, the assignment of a security deed is a contract between the deed holder and the assignee and a debtor cannot dispute the assignment because the proper party to bring a claim is the assignor. *Ames v. JP Morgan Chase Bank, N.A.*, 298 Ga. 732, 739, 783 S.E.2d 614, 620 (2016). Therefore, under Georgia law, a plaintiff lacks standing to contest the validity of an assignment of a security deed, even if that assignment was somehow flawed, because standing cannot be manufactured by asserting a claim that the proper party has not asserted. *Ames* v. *JP Morgan Chase Bank, N.A.*, 298 Ga. 732, 740, 783 S.E.2d 614, 620–21 (2016); *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (citing *Montgomery v. Bank of America*, 321 Ga. App. 343, 346 & n.7, 740 S.E.2d 434, 438 & n.7 (2013)) (citing O.C.G.A. § 9-2-20(a)). For this reason, Plaintiff is barred from challenging the validity of either the Security Deed or the assignments.

## **CONCLUSION**

For the reasons detailed above, U.S. Bank respectfully requests that this Court grant its Motion and dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted, this 14th day of August 2019.

>  */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar No. 720572)
> KEARSTIN H. SALE (GA Bar No. 650510)
> **RUBIN LUBLIN, LLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (telephone)
> (404) 921-9016 (facsimile)
> bchaness@rubinlublin.com
> ksale@rubinlublin.com
>
> *Attorneys for U.S. Bank*

## FONT CERTIFICATION

The undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 14th day of August 2019.

>	*/s/ Bret J. Chaness*
>	BRET J. CHANESS (GA Bar No. 720572)

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 14th day of August 2019, caused a true and correct copy of the within and foregoing to be served via U.S. First Class mail to the following:

Burke B. Johnson
Leuder, Larkin & Hunter, LC
320 East Clayton Street, Suite 418
Athens, GA 30601

/s/ Bret J. Chaness
BRET J. CHANESS (GA Bar No. 720572)