IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

THN, INC.,

   Plaintiff,

v.

U.S. BANK TRUST, N.A., AS
TRUSTEE FOR ABS REO TRUST V,

   Defendants.

CIVIL ACTION FILE NO.

2:19-CV-0141-SCJ

## ORDER

This matter appears before the Court on the Motion to Dismiss filed by

Defendant, U.S. Bank, N.A., as Trustee for ABS REO Trust V.  Doc. No. [5].

## I. BACKGROUND

In this civil action, Plaintiff seeks a declaratory judgment regarding

ownership of the property located at 960 Dogwood Trail, Winder, Georgia 30680

(hereinafter "Subject Property").  Doc. Nos. [1], p. 3, ¶ 15; [1-1], p. 2.

The Complaint sets for the following allegations of fact.  Pursuant to a

Warranty Deed recorded on July 25, 2001, Paula Jean Johnson conveyed to

Victoria B. Jordan the Subject Property.  Doc. No. [1-1], ¶ 5.[1] "Pursuant to a Security Deed recorded on April 9, 2007, Victoria B. Jordan and William Maddox purportedly conveyed the Subject Property to Bank of America, N.A., as security for a loan." Id. ¶ 6.  "There is no recorded deed of conveyance of the Subject Property from Victoria B. Jordan to William Maddox, so that he had no claim of right, title or interest in the Subject Property purportedly conveyed." Id. ¶ 7. "Upon information and belief, Victoria B. [Jordan][2] did not sign the Security Deed and has stated that she believes her signature was possibly forged." Id. ¶ 8.

Plaintiff THN, Inc. further states in the Complaint that "Plaintiff [THN, Inc.] is the current owner of the Subject Property, under color of title, by virtue of a Quitclaim Deed from Victoria B. Jordan, recorded on October 11, 2018." Id. ¶ 9. Defendant purports to be the current holder of the Security Deed pursuant to certain assignments, purported to be from Bank of America N.A. to ABS Loan Trust V and a second assignment from ABS Loan Trust V to U.S. Bank Trust Association, as Trustee for ABS REO Trust, V. Id. ¶¶ 10, 11, and 13.

---

[1] Attached to the Complaint are copies of the legal documents mentioned therein.

[2] It is not clear why the Complaint switched to the last name "Johnson" in this sentence. The Court assumes that it is a typographical error and should state Jordan.

2

Plaintiff THN, Inc. further states that it has received a letter dated May 17, 2019 from a law firm concerning a pending foreclosure sale on behalf of U.S. Bank Trust Association, as Trustee for ABS REO Trust, V. Id. ¶¶ 14, 15.

On August 14, 2019, Defendant, U.S. Bank Trust, N.A., as Trustee for ABS REO Trust V, filed a Motion to Dismiss on the ground that Plaintiff's Complaint is barred on the grounds of judicial estoppel.  Doc. No. [5].  In the motion, Defendant requests that this Court take judicial notice that on April 30, 2018, Victoria Jordan, who was represented by counsel, filed a Petition for Chapter 7 Bankruptcy relief in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 18-10921 (the "Bankruptcy").  Doc. No. [5-1], p. 2.[3] Defendant states that "[i]n her Petition, Ms. Jordan identifies the Property and indicates that 'Debtor owns property but is not on the mortgage.'" Id. (citing Exhibit A, (Doc. No. [5-2], pp. 15, 23).  Defendant states that "Ms. Jordan's Petition also indicates that there are no legal claims to which she claims a right."  Id. (citing Exhibit A, Doc. No. [5-2], p. 19, Nos. 33–35).

The pending motion has been fully briefed and is now ripe for review.

---

[3] The Court agrees with Defendant that it is proper to take judicial notice of the bankruptcy court docket. See Fed. R. Evid. 201.

3

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pleadings do not require any particular technical form. Fed. R. Civ. P. (8)(d)(1). However, labels, conclusions, and formulaic recitations of the elements of the case of action "will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A complaint will be dismissed for failure to state a claim only if the facts as pled do not state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555–56. In order to state a plausible claim, a plaintiff need only plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

4

## III. ANALYSIS

In its motion, Defendant asserts that Plaintiff's Complaint is barred by judicial estoppel and that Plaintiff lacks standing to assert her claims. Doc. No. [5-1]. The Court considers the arguments in turn.

### A. Judicial Estoppel

[T]he doctrine of judicial estoppel rests on the principle that 'absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory.'" Slater v. United States Steel Corp., 871 F.3d 1174, 1180–81 (11th Cir. 2017). "Judicial estoppel is an affirmative defense." Grant v. Deutsche Bank Nat'l Tr. Co., No. 1:14-CV-133-RWS-ECS, 2014 WL 12115971, at *4 (N.D. Ga. May 30, 2014). The Eleventh Circuit has held that "[g]enerally, the existence of an affirmative defense will not support a motion to dismiss. Nevertheless, a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." Quiller v. Barclays Am./Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984) on reh'g, 764 F.2d 1400 (11th Cir. 1985). Here, there has been no showing by Defendant that the defense of judicial estoppel appears

5

clearly on the face of the complaint.  Furthermore, even if the Court were to

consider the merits of Defendant's argument, the Court finds that there is

insufficient detail in the record to address all of the factors cited in the Eleventh

Circuit's decision in Slater, 871 F.3d at 1185,[4] to demonstrate that Plaintiff's

position was calculated to make a mockery on the judicial system.  See

Washington v. Shanahan, No. 1:17-CV-00528-TFM-MU, 2019 WL 320582, at *7

(S.D. Ala. Jan. 24, 2019) (recognizing that while defendants pointed to a failure to

disclose, there was still "insufficient detail to demonstrate that her failure to

disclose evidences a deliberate attempt to make a mockery of the courts.").

---

[4] "[T]o determine whether a plaintiff's inconsistent statements were calculated to make
a mockery of the judicial system, a court should look to all the facts and circumstances
of the particular case. When the plaintiff's inconsistent statement comes in the form of
an omission in bankruptcy disclosures, the court may consider such factors as the
plaintiff's level of sophistication, whether and under what circumstances the plaintiff
corrected the disclosures, whether the plaintiff told his bankruptcy attorney about the
civil claims before filing the bankruptcy disclosures, whether the trustee or creditors
were aware of the civil lawsuit or claims before the plaintiff amended the disclosures,
whether the plaintiff identified other lawsuits to which he was party, and any findings
or actions by the bankruptcy court after the omission was discovered." Slater, 871 F.3d
at 1185.

6

B. Standing

Next, the Defendant's motion addresses the "even if" allegations in the complaint, i.e., "even if the original Security Deed is valid, [Plaintiff] is in a position of doubt because of the vague and potentially void nature of the assignments." Doc. No. [1-1], ¶ 20.  Defendant asserts a lack of standing to challenge the validity of the assignments.[5]

The Court finds that Plaintiff does not have standing to bring a challenge to the assignment that it has not alleged that it was a party to in that as correctly stated by Defendant, "under Georgia law, a plaintiff lacks standing to contest the validity of an assignment of a security deed, even if that assignment was

_____

[5] In its reply brief, Defendant raised a separate argument as the bankruptcy trustee. Specifically, Defendant asserts that only the bankruptcy trustee (of the bankruptcy estate concerning the Chapter 7 filing of Victoria Jordan) has standing to pursue the current litigation.  Because this argument was raised in the reply brief (without an opportunity for Plaintiff to respond), the Court does not consider it.  See Mt. Hebron Dist. Missionary Baptist Ass'n of AL, Inc. v. Sentinel Ins. Co., Ltd., No. 3:16-CV-658-ECM-GMB, 2018 WL 6822621, at *1 (M.D. Ala. Oct. 24, 2018) ("[m]any district courts in the Eleventh Circuit reject new arguments raised in reply briefs," this rule is designed to prevent any prejudice that might result when a party is deprived of the opportunity to respond to new arguments") (citations omitted); cf. First Specialty Ins. Corp. v. 633 Partners, Ltd., 300 F. App'x 777, 788 (11th Cir. 2008) ("Our sister circuits have held that a district court can abuse its discretion by failing to give the opposing party a chance to respond to materials presented for the first time in a reply brief."). Defendant must file an appropriate motion for this argument to be considered.

somehow flawed, because standing cannot be manufactured by asserting a claim that the proper party has not asserted." Doc. No. [5-1], p. 12 (citing Ames v. JP Morgan Chase Bank, N.A., 298 Ga. 732, 740, 783 S.E.2d 614, 620–21 (2016) ("it is the deed holder's right to decide whether to challenge a purported assignment"); Cornelius v. Bank of Am., 585 F. App'x 996, 1000 (2014) (citing Montgomery v. Bank of Am., 321 Ga. App. 343, 346 & n.7, 740 S.E.2d 434, 438 & n.7 (2013)) (citing O.C.G.A. § 9-2-20(a)) ("an assignment of a security deed is a contract between the assignor and the assignee and that the proper party to bring a claim challenging its validity is the other party to the assignment. Therefore, a plaintiff lacks standing to contest the validity of an assignment of a security deed, even if that assignment was somehow flawed, if he was not a party to the assignment."); see also Stabb v. GMAC Mortg., LLC, 579 F. App'x 706, 709 (11th Cir. 2014) (" Georgia courts have repeatedly held that a debtor does not have standing to challenge the assignment of a security deed.") (citations omitted).[6]

_____

[6] In the absence of a substantive ruling as to Defendant's judicial estoppel argument, Plaintiff's ability to challenge the alleged forged deed remains, though it is not clear why Plaintiff did not pursue a quiet title action. Cf. Wilson v. United States, 781 F. Supp. 779, 780–81 (M.D. Ga. 1992) ("A quiet title action is defined in O.C.G.A. § 23-3-40: The proceeding quia timet is sustained in equity for the purpose of causing to be delivered and canceled any instrument which has answered the object of its creation or any forged

8

## IV.  CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Defendant, U.S. Bank, N.A., as Trustee for ABS REO Trust V (Doc. No. [5]) is **DENIED in part** as to the judicial estoppel affirmative defense argument and **GRANTED in part** as to the standing-assignments argument (and paragraph 20 of the Complaint).  An answer shall be filed in accordance with the Federal Rules of Civil Procedure.

**IT IS SO ORDERED** this ___13th___ day of January, 2020.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

_____

or other iniquitous deed or other writing which, though not enforced at the time, either casts a cloud over the complainant's title or otherwise subjects him to future liability or present annoyance, and the cancellation of which is necessary to his perfect protection.").