IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| THN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 2:19-CV-00141 |
| ) | |
| U.S. BANK TRUST, N.A., ) | |
| AS TRUSTEE FOR ABS REO ) | |
| TRUST V, ) | |
| ) | |
| Defendant. | |

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM

Comes now THN, INC. ("Plaintiff"), and files this answer to defendant's counterclaim showing the court as follows:

34.[1]

Paragraph 34 of the counterclaim states a legal conclusion to which no response is required. However, to the extent that any response is deemed required Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and can neither admit nor deny those allegations.

---

[1] Plaintiff is numbering the paragraphs in this answer to correspond to the enumerated paragraphs of the counterclaim.

35.

Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and can neither admit nor deny those allegations.

36.

Paragraph 36 of the counterclaim states a legal conclusion to which no response is required. However, to the extent that any response is deemed required Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and can neither admit nor deny those allegations.

37.

Admitted.

38.

Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and can neither admit nor deny those allegations.

39.

Paragraph 39 of the counterclaim states a legal conclusion to which no response is required. However, to the extent that any response is deemed required Plaintiff is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 39 and can neither admit nor deny those allegations.

40.

Admitted.

41.

Responding to paragraph 41, Plaintiff admits that a copy of the document referred to is attached, and prays reference to the document, which speaks for itself. Except as specifically admitted herein, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and can neither admit nor deny those allegations.

42.

Responding to paragraph 42, Plaintiff admits that a copy of the deed referred to is attached, and prays reference to the document, which speaks for itself. Except as specifically admitted herein, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and can neither admit nor deny those allegations.

43.

Responding to paragraph 43, Plaintiff admits that a copy of the document referred to is attached, and prays reference to the document, which speaks for itself. Except as specifically admitted herein, Plaintiff is without knowledge or

information sufficient to form a belief as to the truth of the allegations in this paragraph and can neither admit nor deny those allegations.

44.

Responding to paragraph 44, Plaintiff admits that a copy of the document referred to is attached, and prays reference to the document, which speaks for itself. Except as specifically admitted herein, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and can neither admit nor deny those allegations.

45.

Responding to paragraph 45, Plaintiff admits that a copy of the document referred to is attached, and prays reference to the document, which speaks for itself. Except as specifically admitted herein, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and can neither admit nor deny those allegations.

46.

Responding to paragraph 46, Plaintiff admits that a copy of the document referred to is attached, and prays reference to the document, which speaks for itself. Except as specifically admitted herein, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and can neither admit nor deny those allegations.

47.

Responding to paragraph 47, Plaintiff admits that a copy of the document referred to is attached, and prays reference to the document, which speaks for itself. Except as specifically admitted herein, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and can neither admit nor deny those allegations.

48.

Responding to paragraph 48, Plaintiff admits that a copy of the document referred to is attached, and prays reference to the document, which speaks for itself. Except as specifically admitted herein, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and can neither admit nor deny those allegations.

49.

Admitted.

50.

Responding to paragraph 50, Plaintiff admits that a copy of the document referred to is attached, and prays reference to the document, which speaks for itself. Except as specifically admitted herein, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and can neither admit nor deny those allegations.

51.

Responding to paragraph 51, Plaintiff admits that a copy of the document referred to is attached, and prays reference to the document, which speaks for itself. Except as specifically admitted herein, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and can neither admit nor deny those allegations.

52.

Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and can neither admit nor deny those allegations.

## Count I

## Equitable Subrogation

53.

Plaintiff incorporates its responses to all preceding paragraphs as if those responses were fully restated here verbatim.

54.

Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and can neither admit nor deny those allegations.

55.

Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and can neither admit nor deny those allegations.

56.

Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and can neither admit nor deny those allegations.

57.

Paragraph 57 of the counterclaim states a legal conclusion to which no response is required. However, to the extent that any response is deemed required, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and can neither admit nor deny those allegations.

58.

Paragraph 58 of the counterclaim states a legal conclusion to which no response is required. However, to the extent that any response is deemed required Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and can neither admit nor deny those allegations.

Respectfully submitted, this 18th day of February, 2020.

Burke B. Johnson
(Georgia Bar No. 392895)
*Attorney for Plaintiff*

Lueder, Larkin & Hunter, LLC
320 East Clayton Street
Suite 418
Athens, Georgia 30601
Office: (678) 256-3979
Direct Dial: (678) 256-3979
bjohnson@luederlaw.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| THN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 2:19-CV-00141 |
| ) | |
| U.S. BANK TRUST, N.A., ) | |
| AS TRUSTEE FOR ABS REO ) | |
| TRUST V, ) | |
| ) | |
| Defendant. | |

## CERTIFICATE OF SERVICE, FONTS AND MARGINS

I hereby certify that on the undersigned date, I electronically filed the foregoing **PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM** with the Clerk of the Court using the CM/ECF System, which will electronically deliver a copy to counsel of record, and served a true and correct copy of same on the undersigned individual(s) via First-Class Mail, postage prepaid, addressed to:

Bret J. Chaness
Kearstin H. Sale
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, Georgia 30071
*Attorneys for U.S. Bank*

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

Respectfully submitted, this 18th day of February, 2020.

/s/ *Burke B. Johnson*
Burke B. Johnson
(Georgia Bar No. 392895)
*Attorney for Plaintiff*

Lueder, Larkin & Hunter, LLC
320 East Clayton Street
Suite 418
Athens, Georgia 30601
Office: (678) 256-3979
Direct Dial: (678) 256-3979
bjohnson@luederlaw.com