IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| THN, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST, N.A., AS TRUSTEE FOR ABS REO TRUST V,<br><br>  Defendant. | Case No. 2:19-cv-00141-SCJ |

**U.S. BANK'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW, U.S. Bank Trust, N.A., as Trustee for ABS REO Trust V ("U.S. Bank"), and filed this Memorandum of Law in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), respectfully showing this Honorable Court as follows:

**STATEMENT OF FACTS**

This action relates to the real property located at 960 Dogwood Trail, Winder, Georgia 30680 (the "Property"). Complaint [Doc. 1-1, ¶ 5]. Victoria Jordan ("Ms. Jordan") obtained title to the Property via Warranty Deed recorded July 25, 2001 in Deed Book 60, Page 577, Barrow County, Georgia records.

Complaint [Doc. 1-1, ¶ 5]. The Property is encumbered by a Security Deed signed by Victoria Jordan and William Maddox on December 22, 2006 in favor of Bank of America and recorded in Deed Book 1294, Page 565, Barrow County, Georgia records. Complaint [Doc. 1-1, ¶ 6; Doc. 1-1, p. 11, Exhibit 2 to Complaint]. On April 30, 2018, Victoria Jordan, who was represented by counsel, filed a Petition for chapter 7 Bankruptcy relief in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 18-10921 (the "Bankruptcy"). Bankruptcy Petition, Case No. 18-10921, Doc. 1[1], attached as **Exhibit "A"**.

In her Petition, Ms. Jordan identifies the Property and indicates that "Debtor owns property but is not on the mortgage." Exhibit A, p. 15. In Schedule D, Ms. Jordan identifies Bank of America as having a secured claim on the Property and lists the debt, but again specifies that she is not on the underlying loan, William Maddox is. Exhibit A, p. 22. Ms. Jordan's Petition also indicates that there are no legal claims to which she claims a right. Exhibit A, p. 19, Nos. 33-35. Specifically, Ms. Jordan states that there are no claims against third parties, whether or not a lawsuit has been filed. Exhibit A, p. 19, No. 33. Based upon the disclosures in the Bankruptcy Petition, on June 4, 2018, the Chapter 7 Trustee made his Report of No

---

[1] A court may take judicial notice of its own records or of those of inferior courts. *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 (5th Cir. 1981); *United States v. Rey*, 811 F.2d 1453, 1457 (11th Cir. 1987).

2

Distribution identifying that "there is no property available for distribution from the estate over and above that exempted by law." A true and correct copy of the Case No. 18-10921 Docket Sheet, attached as **Exhibit "B"**, 06/04/2018 Docket Entry. On August 7, 2018, Ms. Jordan received a discharge under section 727 of title 11 of the United States Bankruptcy Code and the estate was closed. Case No. 18-10921, Doc. 14, attached as **Exhibit "C"**.

On October 6, 2018, Ms. Jordan quitclaimed her interest in the Property to Plaintiff, THN, Inc., via quitclaim deed recorded on October 11, 2018 in Deed Book 2173, Page 79, Barrow County, Georgia records. [Doc. 1-1, ¶ 9; Doc. 1-1, p. 22, Exhibit 3 to Complaint]. The Security Deed was last assigned to U.S. Bank on March 29, 2019 via Corporate Assignment recorded April 11, 2019 in Deed Book 2213, Page 381, Barrow County, Georgia records. [Doc. 1-1, ¶ 13; Doc. 1-1, p. 25, Exhibit 5 to Complaint]. U.S. Bank sought to enforce its lien and by letter dated May 17, 2019, informed Plaintiff of a pending foreclosure on the Property. [Doc. 1-1, ¶ 14].

On June 6, 2019, Plaintiff filed the instant action in the Superior Court of Barrow County, and it was subsequently removed to this Court. *See* [Doc. 1-1]. In its Complaint, the Plaintiff is attempting to obtain the Property free and clear of the Security Deed by way of a declaratory judgment, alleging that "[u]pon information

3

and belief, Victoria B. Jordan did not sign the Security Deed and has stated that she believes her signature was possibly forged." [Doc. 1-1], ¶ 8. The Complaint also challenges U.S. Bank's right to enforce the Security Deed based on allegations that the assignment to it was deficient. *Id.* at ¶¶ 10-16.

U.S. Bank filed a Motion to Dismiss for failure to state a claim on August 14, 2019. [Doc. 5]. In that motion, U.S. Bank argued that the Plaintiff is judicially estopped from challenging the validity of the Security Deed because Ms. Jordan represented in her bankruptcy case that the Property was encumbered by the Security Deed. [Doc. 5-1] at pp. 5-11. Additionally, U.S. Bank argued that the Plaintiff lacked standing to challenge the validity of the assignment to U.S. Bank. *Id.* at p. 11-12. U.S. Bank also argued in its reply brief that only the bankruptcy trustee in Ms. Jordan's bankruptcy estate had standing to challenge the validity of the security deed. [Doc. 8] at p. 3.

On January 13, 2020, this Court entered an Order on the Motion to Dismiss, granting it in part and denying it in part. [Doc. 9]. The Motion was denied with respect to the judicial estoppel but granted with respect to the Plaintiff lacking standing to challenge the validity of the assignment to U.S. Bank. *See id.* at p. 9. With respect to the argument that only the bankruptcy trustee has standing to bring a claim alleging that the Security Deed is forged, this Court noted that it could not

analyze this argument since it was first raised in a reply brief, and that U.S. Bank "must file an appropriate motion for this argument to be construed." *Id.* at p. 7 n.5. U.S. Bank is now bringing the appropriate motion.

## **ARGUMENT AND CITATION OF AUTHORITY**

### A.   **STANDARD OF REVIEW**

This is a motion to dismiss for lack of subject matter jurisdiction due to the Plaintiff lacking standing to bring the remaining claim. *See Jones v. Safeway, Inc.*, No. ELH-12-03547, 2014 WL 6871586, at *5 (D. Md. Dec. 3, 2014) (citations omitted) (dismissal due to lack of standing due to only bankruptcy trustee having standing is one for lack of subject matter jurisdiction).

> A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack. *Id.* at 1251. "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the *1233 motion." *Id.* (quotation, citation, and alterations omitted). By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony. *Id.*

*Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232–33 (11th Cir. 2008) (citing *McElmurray v.Consol Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1250-51 (11th Cir. 2007)).

**B.     THE REMAINING CAUSE OF ACTION IS PROPERTY OF MS. JORDAN'S BANKRUPTCY ESTATE**

The Plaintiff obtained its interest in the Property via a quit claim deed from Ms. Jordan. "It is axiomatic that a grantor in a deed can convey only that which it owns and that a grantee can take no greater title than that held by grantor." *Great Water Lanier, LLC v. Summer Crest at Four Seasons on Lanier Homeowners Ass'n, Inc.*, 811 S.E.2d 1, 5 (Ga. Ct. App. 2018) (citation omitted). The interest held by Ms. Jordan did not include the right to challenge her signature on the Security Deed because that interest was held only by the bankruptcy trustee.

Under section 541 of the Bankruptcy Code, virtually all assets both tangible and intangible vest in the bankruptcy estate; therefore, pre-petition causes of action are the property of the Chapter 7 bankruptcy estate and only the trustee has standing to pursue them. *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). The Security Deed was executed in 2006 and Ms. Jordan did not file bankruptcy until 2018. Thus, any claim that her signature on the Security Deed was forged arose pre-petition. Until an asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code, all rights held by the debtor in said asset are extinguished. *See* 11 U.S.C. § 554(a)-(c); *Parker*, 365 F.3d at 1272 (11th Cir. 2004). Further,

> [t]he law is abundantly clear that the burden is on the debtors to list the asset and/or amend their schedules, and that in order for property to be abandoned by operation of law pursuant to 11 USC § 554(c), the debtor must formally schedule the property pursuant to 11 USC § 521(*l* ) before the close of the case.
> Id. at 186. See also *Vreugdenhill v. Navistar Intl. Transp. Corp.* (claim of which trustee was aware but was not properly scheduled prior to the close of the case was not abandoned by operation of law). Further, any asset not properly scheduled remains property of the bankrupt estate, and the debtor loses all rights to enforce it in his own name. *Jeffrey,* supra at 186, fn. 3.

*Kittle v. ConAgra Poultry Co.*, 543 S.E.2d 411, 414 (Ga. Ct. App. 2000) (citing *Jeffrey v. Desmond*, 70 F.3d 183, 186 (1st Cir. 1995)).

Here, Ms. Jordan did not disclose any potential causes of action related to forgery of her signature on the Security Deed and the bankruptcy docket shows that she never amended her schedules to disclose it. *See* Ex. B hereto. Since this "asset [was] not properly scheduled [it] remains property of the bankrupt[cy] estate . . . ." *Id.* Thus, any right to bring this cause of action was not conveyed to the Plaintiff and it lacks standing. The claim for a declaratory judgment to have the Security Deed deemed invalid (or any other claim related to an alleged forgery) must be dismissed for lack of subject matter jurisdiction.

## **CONCLUSION**

Based on the foregoing, U.S. Bank respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted, this 10th day of April 2020.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)
**RUBIN LUBLIN, LLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (telephone)
(404) 921-9016 (facsimile)
bchaness@rubinlublin.com

*Attorney for U.S. Bank*

## FONT CERTIFICATION

The undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 10th day of April 2020.

>/s/ Bret J. Chaness
>BRET J. CHANESS (GA Bar No. 720572)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 10th day of April 2020, electronically filed the within and foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

Burke B. Johnson
Leuder, Larkin & Hunter, LC
320 East Clayton Street, Suite 418
Athens, GA 30601

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)